**LAWRENCE P. RAMIREZ  (State Bar No. 141550)**
**LINDA KENY (State Bar No. 187013)**
**THE LITIGATION LAW GROUP**
111 NORTH MARKET STREET, SUITE 300
SAN JOSE, CA 95113
PHONE (408) 971-1119   FAX (408) 971-1129
lpramirez@thellg.com
linda.keny@thellg.com

Attorneys for Defendant, Mantena LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, an individual, | Case No.: 5:19-CV-06468-NC |
| Plaintiff, | **DEFENDANT MANTENA LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [FRCP 12(b)(1)]; SUPPORTING DECLARATION OF LAKSHMIGAYATHRI MUDUNDI** |
| vs. | |
| MANTENA LLC, a California limited liability company, ALIREZA PARHIZKARI, and Does 1-10 | |
| Defendants | |
| | Hearing Date: December 11, 2019<br>Time: 1:00 p.m.<br>Courtroom: 5, 4th Floor<br>Judge Nathaniel Cousins<br>Trial Date: Not Set |
| | Complaint Filed: October 9, 2019 |

### NOTICE OF MOTION AND MOTION TO DISMISS TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 11, 2019 at 1:00 p.m. or as soon thereafter as this Motion may be heard in the above-titled court, located at 280 South First Street, San Jose,

- 1 -
Motion to Dismiss for Lack of Jurisdiction

California 95113, in Courtroom 5, 4th Floor, Defendant MANTENA LLC ("Defendant" or "Mantena") will move to dismiss Plaintiff SCOTT JOHNSON's ("Plaintiff" or "Johnson") Complaint pursuant to FRCP 12(b)(1) for lack of subject matter jurisdiction. This Motion is based on this Memorandum of Points and Authorities, supporting declaration and such other arguments and authorities as may be presented at the hearing on this Motion.

## I. INTRODUCTION:

On October 9, 2019, Plaintiff filed his Complaint alleging failure by Defendant Mantena to remove access barriers, for relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, 52. Defendant moves to dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that:

1. The court has no subject matter jurisdiction over Plaintiff's claims as a result of Defendant's voluntary and timely removal of purported barriers alleged in the Complaint. As there is no longer any actual case or controversy, as required under Article III, the ADA claim raised by Plaintiff in this action and remedy requested are moot. Furthermore, since the Court has no subject matter jurisdiction over the federal ADA claim, it cannot exercise supplemental jurisdiction over Plaintiff's remaining state Unruh Act claim.

2. Plaintiff is a "high frequency litigant" under California Code of Civil Procedure §425.55(b) since he has filed 303 lawsuits relating to construction-related accessibility in the twelve months prior to filing of this present action. Plaintiff has filed the instant action in federal court solely to avoid the heightened pleading standards and increased filing fees of California state court. Plaintiff is engaging in blatant forum shopping and the Court should decline to

exercise federal jurisdiction on that basis as well as on the basis that the state claims predominate and should be brought in state court.

## II. FACTUAL BACKGROUND AND SUMMARY:

Plaintiff filed his Complaint for damages and injunctive relief on October 9, 2019 against Defendant and Defendant's tenant for (1) a federal cause of action under the Americans with Disability Act ("ADA") and (2) a California state law cause of action under the Unruh Civil Rights Act ("Unruh") codified under California Civil Code §§51-53). Plaintiff's prayer for damages includes injunctive relief under ADA and Unruh, monetary damages under Unruh, and reasonable attorney fees.

In this Complaint, Plaintiff alleges that he visited the Dental Clinic located at 2324 Montpelier Dr., San Jose, California ("Premises") in January 2019, March 2019 and twice in April 2019 (no specific dates provided) and alleges that there was a lack of accessible parking, accessible door hardware and a lack of an accessible path. He further alleges that these conditions caused him "discomfort and difficulty" (Complaint, ¶ 20). However, he does not specifically allege the way in which the barriers alleged denied him full and equal use or access or the date or dates of each particular occasion on which he encountered the specific access barrier as required by CCP section 425.50 – instead he makes a blanket statement about three visits and lack of accessibility. Moreover, the complaint is not verified by Plaintiff as required under that code section.

Additionally, Plaintiff's Complaint does not include statements required to meet the heightened pleading requirements for high frequency litigants under CCP § 425.50(4)(A)(i)-(iv), despite the fact that he is a high-frequency litigant. Indeed, in the twelve months prior to filing his Complaint, Plaintiff has filed 303 lawsuits in federal court alleging similar types of

accessibility violations against various businesses throughout California (most of them using the same counsel representing him in the instant action).

Notwithstanding the above, Plaintiff's purported barriers have been addressed by Defendant, making this Complaint moot. Defendant has addressed each of the accessibility barriers alleged by Plaintiff by designating additional handicapped accessible parking spaces, installing a ramp, and installing accessible door hardware for the dental clinic. *See* Declaration of Lakshmigayathri Mudundi ("Mudundi Decl."), managing member of Defendant Mantena LLC, attached hereto and incorporated by reference).

### III. LEGAL ARGUMENT:

**I. STANDARD ON A RULE 12(B)(1) MOTION TO DISMISS:**

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed once it is determined that a court lacks subject matter jurisdiction to adjudicate the claims. Fed. R. Civ. 12(b)(1). The Court is obligated to confirm its own jurisdiction, sua sponte if necessary, and to dismiss the complaint if jurisdiction is lacking. *See* Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke Court's jurisdiction. *See* Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1)*;*

The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise, and, once subject matter jurisdiction has been challenged, the burden of proof is placed on the party asserting that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Court "need not presume the truthfulness of the Plaintiffs' allegations." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). If the movant presents a factual basis to defeat subject matter jurisdiction, the opposing party must furnish evidence to meet "its burden of establishing subject

matter jurisdiction." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## II. PLAINTIFF'S ADA CLAIM HAS BECOME MOOT AND SHOULD BE DISMISSED. THE COURT SHOULD ALSO DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIM:

The ADA only offers injunctive relief. 42 U.S.C. §§ 12101 et seq.; Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011).  A plaintiff must establish a likelihood of suffering future injury to establish standing to seek injunctive relief. City of L.A. v. Lyons, 461 U.S. 105 (1983).  Since a private litigant can only sue for injunctive relief, "once a defendant has remedied ADA violations complained of by a Plaintiff, the Plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." Johnson v. Cal. Welding Supply, Inc., 2:11-CV-01669-WBS GGH, 2011 WL 5118599 (Doc. 18), at *3 (E.D. Cal. Oct.27, 2011) (citing Grove v. De La Cruz, 407 F.Supp.2d at 1130-31).  Mootness "is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.' Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003) (quoting Cook Inlet Treaty Tribes v. Shalala, 166 F.3d 986, 989 (9th Cir. 1999)

Plaintiff alleges that  when he went to the premises owned by Defendant he encountered a variety of barriers that denied him the ability to use and enjoy the services at the premises. However, as set forth in the Mudundi Declaration attached hereto, the complained of issues have been resolved and the barriers complained of by Plaintiff no longer exist (i.e. there is accessible access, parking and door hardware).

Plaintiff has already received everything which he would have been entitled to through injunctive relief, thereby rendering his ADA claim moot. Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir.2001). Curing of the issues raised by the complaint (Hernandez v. Polanco

Enterprises, Inc., 11-CV-02247 YGR, 2013 WL 4520253, at *4 (N.D. Cal. Aug. 23, 2013)("removal of the barrier before final judgment moots the ADA claim based on that barrier"). Here, the purported barriers have been fixed, and thus, Plaintiff has no continuing interest in pursuing a claim under the ADA.

The Court should also dismiss Plaintiff's state claim because, where, as here, "a State law claim is based entirely on a mooted ADA claim, it follows that the State-law claim is mooted as well." Hernandez v. Polanco Enterprises, Inc., 11-CV-02247YGR,2013 WL 4520253, at *4 (N.D. Cal. Aug. 23, 2013). Plaintiff's pendant State claims are expressly and entirely dependent on his ADA claims. Since the ADA claim is moot, it follows that the State law claims based entirely thereon are also moot, and should be dismissed. See Schutza v. El Cajon Props., LLC, 2014 U.S. Dist. LEXIS 164175 ("[b]ecause the only remedy available to Schutza under the ADA is injunctive relief, if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims" (internal citations omitted).

The Supreme Court in Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). has held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7. Additionally, where litigation is at an early stage, no trial date has been set and no dispositive motions have been noticed or adjudicated, the Court concluded that there is no judicial economy to be gained by exercising continued jurisdiction over plaintiff's state law claims. The Court continued "With respect to comity, the state court is equally competent to hear the remaining state law claims and may have a better understanding of the relevant state law. Convenience and fairness likewise do not weigh

in favor of exercising jurisdiction since the state and federal fora are equally convenient for the parties, and there is no reason to doubt that the state court will provide an equally fair adjudication of the plaintiff's claims."

Here, Plaintiff's Federal claim must be dismissed due to mootness and/or lack of subject matter jurisdiction and the court should decline to exercise supplemental jurisdiction as Plaintiff's state claim is based entirely on the federal claim.

///

### III. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIM AS PLAINTIFF IS FORUM SHOPPING AND HIS STATE CLAIM PREDOMINATES OVER HIS FEDERAL CAUSE OF ACTION:

Under 28 U.S.C. § 1367(c)(2), a federal district court may decline supplemental jurisdiction over a plaintiff's state law claims where the state law claim substantially predominates.

Plaintiff's state law claim substantially predominates over the federal case as discussed in Schutza v. McDonald's Corp., 133 F. Supp. 3d 1241, 2015 U.S. Dist. LEXIS 135184. The Court found that Plaintiff's state-law claims substantially predominated over Plaintiff's ADA claim due to the fact that California has its own set of public accommodation accessibility standards that can provide the basis for liability for disability discrimination in addition to ADA standards and Plaintiff's state-law claims provide more expansive remedies than Plaintiff's ADA claim, including monetary damages and mandatory attorneys' fees.

The Court can also decline supplemental jurisdiction where there are other compelling reasons to decline jurisdiction (28 USC §1367(c)(4)) . Forum shopping has been found by courts to be a reason for declining supplemental jurisdiction. Schutza v. Cuddeback, 262 F. Supp. 3d

1025, 1030 (S.D.Cal. 2017); <u>Org. for the Advancement of Minorities v. Brick Oven Rest.</u>, 406 F.Supp.2d 1120, 1131 (S.D.Cal. 2005).)

The sole reason for Plaintiff filing this action in this Court is to obtain monetary damages and to avoid the heightened pleading standards and requirements for a construction accessibility related action in California state court.  Plaintiff's remaining State law claim arises from the Unruh Civil Rights Act which includes special provisions designed to promote early evaluation and disposition of such State claims. For example, Civil Code § 55.54(d) allows qualified small businesses, like Defendants, to file for an application for stay and an early evaluation conference, among other things. Civ. Code § 55.54(b)(1), (b)(2)(C), and (d)(1)-(6). Upon receiving such application, State courts must then immediately grant a 90-day stay with respect to the accessibility claims, and schedule a mandatory early evaluation conference. Civ. Code § 55.54(d). Additionally, although the Unruh Act allows Plaintiffs to recover monetary damages, it also contains protections for defendants that are not available to defendants in federal court  including limiting stacking of claims, requiring verified complaints and disclosure and higher filing fee requirements for high frequency litigants. Civ. Code § 55.3, et seq.

Plaintiff is a high-frequency litigant who has employed the mechanism of filing in federal court to exploit the benefits provided under the Unruh Act  (namely, the recovery of monetary damages), while depriving Defendants sued by him of any of the protections afforded by state law. Plaintiff uses the expertise he has gained in forum shopping after filing over 300 lawsuits in federal court over the prior year (and many more in prior years) to circumvent the procedural safeguards California has implemented through CCP § 425.50. This Court should exercise its authority to decline supplemental jurisdiction as a measure to discourage forum-shopping. <u>Hanna v. Plumer</u>, 380 U.S. 460, 475-477 (1965).)

## IV. CONCLUSION:

Plaintiff's ADA federal claim has been rendered moot as a result of Defendant remedying and eliminating all of the alleged barriers raised in Plaintiff's Complaint. As the court no longer has jurisdiction over Plaintiff's federal claim, it must also dismiss Plaintiff's state claim. Furthermore, Plaintiff's state claim substantially predominates over his federal claim thereby requiring the Court to decline supplemental jurisdiction. Lastly, the Court should decline jurisdiction over Plaintiff's state claim to deter forum shopping by a well known high frequency litigant who is using the federal courts to avoid the heightened pleading standards of the state court. As such, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint and decline supplemental jurisdiction of Plaintiff's state law claim.

Dated: November 6, 2019                   THE LITIGATION LAW GROUP

                                                _s/s Linda Keny_
                                                Lawrence Ramirez
                                                Linda Keny
                                                ATTORNEYS FOR DEFENDANT
                                                MANTENA LLC