**LAWRENCE P. RAMIREZ  (State Bar No. 141550)**
**LINDA KENY (State Bar No. 187013)**
**THE LITIGATION LAW GROUP**
111 NORTH MARKET STREET, SUITE 300
SAN JOSE, CA 95113
PHONE (408) 971-1119   FAX (408) 971-1129
lpramirez@thellg.com
linda.keny@thellg.com

Attorneys for Defendant Mantena LLC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON, an individual,<br><br>    Plaintiff,<br>  vs.<br><br>MANTENA LLC, a California limited liability company, ALIREZA PARHIZKARI, and Does 1-10<br><br>    Defendants | Case No.: 5:19-CV-06468-NC<br><br>**DEFENDANT MANTENA LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br>**[FRCP 12(b)(1)]**<br><br>Hearing Date: January 30, 2020<br>Time: 9:00 a.m.<br>Courtroom: 5, 4th Floor<br>Judge Davila<br>Trial Date: Not Set<br><br>Complaint Filed: October 9, 2019 |

Defendant MANTENA LLC ("Defendant" or "Mantena") hereby respectfully submits its Reply in Support of its Motion to Dismiss Defendant SCOTT JOHNSON's ("Plaintiff" or "Johnson") Complaint for Damages and Injunctive Relief.

**I. MANTENA'S MOTION TO DISMISS IS NOT VIOLATIVE OF GENERAL ORDER 56:**

Plaintiff mistakenly argues that Mantena's Motion to Dismiss violates General Order 56, which states that "[A]ll other discovery and proceedings are STAYED unless the assigned judge

orders otherwise". However, courts in this District have consistently held that General Order 56 does not stay all proceedings in an ADA case but instead stays only discovery and similar proceedings and merely "dictates an early case management process that has been tailored to ADA access cases filed in this district." Johnson v. Sebanc, No. 18-cv-00585-DMR, 2018 WL 3159699, at *2 n.2 (N.D. Cal. June 28, 2018); *see also* Johnson v. Winchester Campbell Props., LLC, No. 18-cv-04153-VKD, 2018 WL 661994, at *2 (N.D. Cal. Dec. 18, 2018).

In Johnson v. Otter, 2019 U.S. Dist. LEXIS 18596 at *5, 2019 WL 452040 (involving the same plaintiff in this action), the court held that **judges in this district have concluded that General Order 56 does not bar the filing of a motion challenging the pleadings or the court's jurisdiction**. *See* Johnson v. 1082 El Camino Real, L.P., No. 5:17-cv-01391-EJD, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018); *see also* Che v. San Jose/Evergreen Cmty. College District Found., et al., No. 17-381-BLF, Dkt. No. 34 at 2 (N.D. Cal. May 26, 2017) ("[T]he Court concludes that the language imposing a stay on `[a]ll other discovery and proceedings' does not clearly encompass the filing of an answer or motion in response to a complaint."

As such, General Order 56 does not bar Mantena from bringing the instant motion to dismiss for lack of subject matter jurisdiction.

## II. MANTENA'S 12(B)(1) MOTION IS APPROPRIATE IN CHALLENGING JURISDICTION :

Plaintiff contends in his Opposition that a 12(b)(1) motion challenging jurisdiction is not appropriate where extrinsic evidence is considered and the court's analysis is not confined to the allegations in the pleadings. However, Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction on a facial or factual basis. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is factual "[t]he

court need not presume the truthfulness of the plaintiff's allegations." Safe Air, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Under Article III of the United States Constitution, the jurisdiction of federal courts is limited to "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). Mootness thus deprives a court of jurisdiction over an issue. See Bland v. Fessler, 88 F.3d 729, 732 n.4 (9th Cir. 1996). Therefore, it is entirely appropriate for the Court to accept extrinsic evidence such as Mantena's supporting declaration to analyze issues of mootness for purposes of asserting jurisdiction. In addition, the court can also consider factual issues regarding Plaintiff's claims of standing since these necessarily relate to the court's ability to exert jurisdiction over this matter.

### III. THE COMPLAINT SHOULD BE DISMISSED ON MOOTNESS GROUNDS:

As set forth above, mootness deprives a court of jurisdiction as the issue is no longer an actual case or controversy. Bland v. Fessler, 88 F.3d 729, 732 n.4 (9th Cir. 1996). Courts have held that because the ADA authorizes only injunctive relief for private plaintiffs, a defendant's voluntary removal of alleged barriers prior to trial may render a plaintiff's ADA claim moot. Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 2011 U.S. App. LEXIS 17022, 25 Am. Disabilities Cas. (BNA).

Court have also differentiated between removal of barriers that are more structural in nature than one which would simply require Defendant's inaction. For example, in <u>Langer v. Kaimana LLC</u>, No. CV 16-7452-DMG, 2016 U.S. Dist. LEXIS 168755, 2016 WL 7029151, at *1 (C.D. Cal. Dec. 1, 2016), the court found that simply removing a dumpster and merchandise in the access aisle next to the accessible parking stall was not sufficient to render the complaint moot due to the following reason: "Unlike ADA cases involving post-lawsuit structural alterations, which would require defendants to make physical alterations to a non-ADA compliant property, the policy at issue here simply requires Defendants' inaction." 2016 U.S. Dist. LEXIS 168755, [WL] at *2 (citations omitted).

Conversely, in <u>Johnson v. Gallup & Whalen Santa Maria</u>, 2018 U.S. Dist. LEXIS 81046, 2018 WL 2183254, the court found that the two violations that plaintiff identified in the complaint were structural in nature and had since been removed, rendering the ADA issues moot. The court stated:

> "In order for these violations to recur, defendants would need to take affirmative steps to install non-ADA compliant hardware on the front door and non-ADA compliant outdoor seating. This is not a case in which a violation could reasonably recur simply due to defendants' lapse or their failure to comply with an internal policy…the question "is whether there is a present controversy as to which effective relief can be granted" (internal citations omitted). There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint." <u>Johnson v. Gallup & Whalen Santa Maria,</u> supra, at *11.

Mantena has installed a handicapped accessible ramp, compliant door hardware and accessible handicapped parking spaces (*see* Mudundi Declaration in Support of Mantena's Motion to Dismiss).[1] These alterations are structural in nature similar to the ones cited above and

---

[1] Mantena has taken these steps in an abundance of caution and not as a concession to Plaintiff's allegations.

any purported violations are not reasonably likely to recur since they are not based simply on an Defendant's internal policy or inaction. As any purported ADA violations are not likely to recur, plaintiff's claim is therefore moot and should be dismissed.

### IV. PLAINTIFF DOES NOT HAVE THE REQUISITE STANDING TO BRING HIS ACTION:

Litigants "who seek to invoke the jurisdiction of the federal courts must satisfy the threshold standing requirements imposed by Article III . . . by alleging an actual case or controversy." City of L.A. v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). Furthermore, a plaintiff seeking injunctive relief must also show that there is a "real and immediate threat of repeated injury." Lyons, 461 U.S. at 111. In ADA cases, a plaintiff may show a real and immediate threat of injury in two ways: (1) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier;" or (2) the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" which he would otherwise visit in the course of his regular activities. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 950 (9th Cir. 2011).

Plaintiff is required to demonstrate real and immediate threat of repeated injury by showing a legitimate intent to visit again the public accommodation in question." Gastelum v. Phoenix Cent. Hotel Venture, LLC, 2019 U.S. Dist. LEXIS 20580 at *6, 2019 WL 498750. Demonstrating "past exposure to illegal conduct" alone is not sufficient to demonstrate a present case or controversy; instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's actions." Civil Rights Educ. and Enforcement Ctr. v. Hospitality Props. Tr., 867 F.3d 1093, 1098 (9th Cir. 2017). A plaintiff may show continuing adverse effects by showing that a defendant's failure to comply with the ADA is a deterrent to plaintiff from

making use of the defendant's facility. Id.  However, to be deterred from making use of the defendant's facility, one must have a true desire to return to the facility but for the barriers. D'Lil v. Best Western Encina Lodge & Suites, 538 F.3d 1031, 1037-38 (9th Cir. 2008).

In determining whether a plaintiff has a future intent to visit the public accommodation at issue, courts consider a series of factors, including: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Harris v. Del Taco, Inc., 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005).

As confirmed in the multiple complaints filed by Plaintiff in this district and elsewhere, he is a resident of Carmichael, California. Mantena's property and the dental office (Jackson Family Dental Practice) located therein, which is the subject of Plaintiff's Complaint, is approximately 130 miles away from Plaintiff's place of residence.  Plaintiff does not explain in his Complaint why he would visit a dental office almost 130 miles away from his residence nor that he ever made an appointment at the subject dental office.  Furthermore, Plaintiff fails to articulate any specific plan or date to visit the dental office in the future or explain why he would want to go so far away for a dental visit.[2] Plaintiff presents no evidence that he has specific ties to San Jose, CA or the Jackson Family Dental Practice.

In Johnson v. Overlook at Blue Ravine, LLC 2012 U.S. Dist. LEXIS 102056 at *26, 2012 WL 2993890, the Court  held that to accord standing allowing Plaintiff to sue Defendants when he could establish no likelihood of, or reason for, again visiting their facilities in the course of his

---

[2] Additionally, Plaintiff's extensive litigation history undermines his professed intent to return. In Molski v. Mandarin Touch Restaurant 385 F.Supp.2d 1042, 1046 (C.D. Cal. 2005), the court found Molski's litigation history undercut his credibility and belied his professed intent to return to the restaurant.

normal activities other than maintaining litigation against a defendant would violate standing principles. A plaintiff must show a likelihood of future injury, Lyons, supra , 461 U.S. at 111, and alleged statutory violations do not give rise, on their own, to an injury. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016).

Plaintiff can neither show a repeated threat of injury nor a legitimate intent to return to the Mantena facility. Plaintiff does not have standing to pursue his ADA claim and thus, it should be dismissed.

### V. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S UNRUH ACT STATE CLAIM:

Under 28 U.S.C. § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

#### A. Plaintiff's State Claims Substantially Predominate Over its Federal Ones:

In United Mine Workers v. Gibbs, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966), the US Supreme Court indicated that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.".

As stated in Mantena's Motion to Dismiss, the statutory damages available to Defendant Singletary under the Unruh Act substantially predominate over the injunctive relief available

under the ADA. Plaintiff seeks actual damages as well as statutory damages of $ 4,000.00 for each and every offense of the Unruh Act on his visits to the Property. Conversely, Plaintiff is only entitled to injunctive relief and attorneys' fees under the ADA. There is a stark disparity in the available remedies as found by the court in Org. for the Advancement of Minorities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 2005 U.S. Dist. LEXIS 39504. That court found based on that disparity, Plaintiff's state claim substantially predominated over his lone federal claim. See also Rogers v. Irvine Co. LLC, 2014 U.S. Dist. LEXIS 86620 at *27, 2014 WL 2865699.

The disparity in the remedies available to Plaintiff and the extent of liability that Defendant may be subject to under the Unruh Act make it apparent that Plaintiff's state claim predominate over Plaintiff's lone ADA claim.

B.     **Compelling Reasons for Declining Supplemental Jurisdiction Exist:**

Section 1367(c)(4) allows a district court to refuse to exercise supplemental jurisdiction over state law claims if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

In Org. for the Advancement of Minorities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 2005 U.S. Dist. LEXIS 39504, the court found that plaintiff, who had filed 178 ADA cases in federal district court, was doing so for the sole purpose of getting his state claims into federal court. The court held that:

> "This is forum-shopping plain and simple, and discouraging forum-shopping is a legitimate goal for the federal courts. Hanna v. Plumer, 380 U.S. 460, 475-477, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). Serious questions of forum shopping necessarily arise "to the extent that the federal claim is used as a bootstrap, merely to facilitate the choice of a federal forum over the pendent state claim." Hamilton v. Roth, 624 F.2d 1204, 1212 (3d Cir. 1980… Here, Singletary's forum-shopping necessarily implicates considerations of comity. His actions deprive the California state courts of the ability to interpret and settle unsettled issues of state law. Because a legitimate function of the federal courts is to discourage forum

- 8 -
Mantena's Reply ISO Motion to Dismiss for Lack of Jurisdiction – Case # 5:19-CV-06468-NC

shopping and California courts should interpret California law, the Court finds that compelling reasons exist to decline supplemental jurisdiction over plaintiffs' state law claims." Brick Oven, supra, at 1132.

As alleged in the Motion to Dismiss, in the last year Plaintiff has filed almost double the amount of ADA lawsuits in federal court as the plaintiff in the Brick Oven case, and is known to be a serial filer of ADA complaints against small and mid-sized businesses. It is clear that he is doing so to (1) avoid the additional procedural hurdles that California has implemented to deter such serial filings as well as (2) take advantage of the availability of monetary damages available under the Unruh Act. This is plainly forum shopping and as such, a compelling reason for the court to decline to exercise supplemental jurisdiction over Plaintiff's state claim.

### C. The Court Should Dismiss Plaintiff's State Claim Upon Dismissal of its Federal One:

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

The Court in Rogers v. Irvine Co. LLC, 2014 U.S. Dist. LEXIS 86620 at *4, 2014 WL 2865699 declined to exercise jurisdiction over Plaintiff's state claims once its federal claim was dismissed based on the following reasons:

> "[t]he Court finds dismissal appropriate in this case. State court is no less convenient than the instant forum, and it certainly not unduly burdensome or unfair to dismiss a case that, while advanced in stage, has required almost no actual litigation. Comity weighs strongly in favor of dismissal, given the fact that only state law claims remain, and these issues potentially raise important questions of California law….Although the claim has been pending for some time, however, relatively little judicial energy was expended; there was no motion work, no discovery disputes, and almost no filings overall. This is thus not a situation in

which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a complex factual scenario. The Court concludes that dismissal is appropriate under 28 U.S.C. § 1367(c)(3)."

The same is true in the instant case. Mantena has presented compelling reasons for dismissal of Plaintiff's ADA federal claim and, if dismissed, the Court should also dismiss Plaintiff's state Unruh Act claim. This case has just commenced and there has not been significant motion work, any discovery conducted nor much use of judicial resources. At this stage, it would be relatively simple for a state court to take over any remaining state claim and would not inconvenience the parties to any great extent.

Accordingly, in the event that Plaintiff's federal claim is dismissed, the court should decline to exercise jurisdiction over Plaintiff's state claim.

### VI. CONCLUSION:

For all of the reasons set forth above, Mantena respectfully requests the Court to dismiss Plaintiff's ADA claim and decline to exercise supplemental jurisdiction over Plaintiff's state claim.

Dated: November 27, 2019                    THE LITIGATION LAW GROUP

                                              s/s Linda Keny
                                              Lawrence Ramirez
                                              Linda Keny
                                              ATTORNEYS FOR DEFENDANT
                                              MANTENA LLC

- 10 -
Mantena's Reply ISO Motion to Dismiss for Lack of Jurisdiction – Case # 5:19-CV-06468-NC

## CERTIFICATE OF SERVICE:

CASE NAME:     SCOTT JOHNSON v. MANTENA, LLC ET AL

CASE NUMBER:   US DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA

Case No.: 5:19-cv-06468-NC

I hereby certify that on the 27th day of November 2019, I caused to be served the document below on the following parties at the following addresses:

- **DEFENDANT MANTENA LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

on the following person(s) in this action:

Center for Disability Access

Amanda Seabock, Esq.
Elliott Montgomery, Esq.
Chris Carson, Esq.
Dennis Price, Esq.
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
Phone: (858) 375-7385;
Email: amandas@potterhandy.com

*Attorneys for Plaintiff*

- VIA electronic service through US District Court Northern District of California's Electronic Case Filing System ("ECF").

                                                                 s/Linda Keny_____
                                                                 Linda Keny

Certificate of Service - 1
Case No. 5:19-CV-06468- NC