UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br>    Plaintiff,<br>    v.<br>MANTENA LLC, et al.,<br>    Defendants. | Case No. 5:19-cv-06468-EJD<br><br>**ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

Plaintiff Scott Johnson alleges that Defendants Mantena LLC and Alireza Parhizkari violated the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. Defendant Mantena LLC contends that this Court lacks jurisdiction over Plaintiff's action.[1] Having considered the Parties' briefs,[2] the Court **GRANTS** Defendant Mantena's motion to dismiss for lack of jurisdiction.

**I.    BACKGROUND**

    **A. Factual Background**

On October 3, 2019, Plaintiff, a level C-5 quadriplegic, filed a lawsuit against Defendants, who operate a family dental practice on property located at 2324 Montpelier Dr., San Jose, California. *See* Complaint for Damages and Injunctive Relief ("Compl.") ¶¶ 1–6, Dkt. 1. Plaintiff alleges that he went to the dental practice on four occasions (January 2019, March 2019, and twice in April 2019) and that during these visit Defendants failed to provide (1) accessible parking, (2)

---

[1] Defendant Parhizkari does not join Defendant Mantena's motion.
[2] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court found this motion suitable for consideration without oral argument. *See* Dkt. 24.

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
1

accessible door hardware, and (3) accessible paths of travel leading to and into the Dental Clinic. *Id.* ¶¶ 10, 12–17. Plaintiff alleges these barriers continue to exist and that he is deterred from returning to the Dental Clinic because of the barriers. *Id.* ¶¶13, 15, 17, 23. Defendant Mantena, however, contends that after receiving Plaintiff's Complaint, it immediately remedied the alleged ADA violations. *See* Declaration of Lakshmigayathri Mudundi ("Mudundi Decl.") ¶¶ 6–7, Dkt. 10-1.

### B. Procedural History

On November 6, 2019, Defendant Mantena filed a motion to dismiss Plaintiff's action for lack of jurisdiction. Defendant Mantena LLC's Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction ("Mot."), Dkt. 10. Plaintiff filed his opposition on November 20, 2019. Plaintiff's Opposition to Defendant Mantena LLC's Motion to Dismiss ("Opp."), Dkt. 14. On November 27, 2019, Defendants filed their reply. Defendant Mantena LLC's Reply ("Reply"), Dkt. 16.

## II. LEGAL STANDARD

To contest a plaintiff's showing of subject-matter jurisdiction, a defendant may file a Rule 12(b)(1) motion. Fed. R. Civ. P. 12(b)(1). A defendant may either challenge jurisdiction "facially" by arguing the complaint "on its face" lacks jurisdiction or "factually" by presenting extrinsic evidence (affidavits, etc.) demonstrating the lack of jurisdiction on the facts of the case. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. During a facial attack, the court examines the complaint as a whole to determine if the plaintiff has "alleged a proper basis of jurisdiction." *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). When evaluating a facial attack, the court assumes the complaint's allegations truth and draws all reasonable inferences in the plaintiff's favor. *Wolfe*, 392 F.3d at 362. The court may not consider evidence outside the pleadings when deciding a facial attack. *See, e.g., MVP Asset Mgmt. (USA) LLC v. Vestbirk*, 2011 WL 1457424, at *1 (E.D. Cal. Apr. 14, 2011).

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS

2

1    In contrast, in resolving a factual attack, the district court may review evidence beyond the complaint without converting the motion to dismiss into one for summary judgment. *Safe Air*, 373 F.3d at 1039. No presumptive truthfulness attaches to the plaintiff's allegations and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *Gregory Vill. Partners, L.P. v. Chevron, U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011). Further, once the defendant presents extrinsic evidence, the plaintiff, must establish jurisdiction with evidence from other sources. *Id.*; *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## III.   DISCUSSION

Defendant Mantena brings both a "facial" and "factual" challenge. Defendant Mantena supplies a declaration to support its claim that Plaintiff's claims are now moot. *See* Mot. at 4–7. In the alternative, Defendant Mantena contends that Plaintiff's Complaint, on its face, does not allege sufficient facts to support jurisdiction. Reply at 5. The Court addresses these arguments in turn.

### A.   General Order 56

Plaintiff first argues that Defendant Mantena's motion to dismiss is barred by General Order 56, which imposes a stay on "[a]ll other discovery and proceedings." This Court, and others in this District, however, have routinely rejected this argument. *See Johnson v. DTBA, LLC*, 2019 WL 6311408, at *2 (N.D. Cal. Nov. 25, 2019) (collecting cases). The Court again rejects this argument.

### B.   Mootness

Defendant Mantena first brings a factual challenge to the Complaint and argues that Plaintiff's claims are moot. Mot. at 5–6. Mootness is raised under Rule 12(b)(1). *Id.* In the ADA context, since plaintiff can only sue for injunctive relief, "once a defendant has remedied ADA violations complained of by a Plaintiff, the Plaintiff's claims become moot and he or she loses standing, meaning the court no longer has subject matter jurisdiction over the ADA claims." *Johnson v. Cal. Welding Supply, Inc.*, 2011 WL 5118599, at *3 (E.D. Cal. Oct. 27, 20111).

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
3

1  Indeed, federal courts are "without power to decide questions that cannot affect the rights of
2  litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North
3  Carolina v. Rice*, 404 U.S. 244, 246 (1971)). The inability to review moot cases derives from
4  Article III's requirement that a "case or controversy" exist between the parties. *DeFunis*, 416 U.S.
5  at 316. A case is moot "if subsequent events [make] it absolutely clear that the allegedly wrongful
6  behavior could not reasonably be expected to recur." *United States v. Concentrated Phosphate
7  Export Ass'n*, 393 U.S. 199, 203 (1968). However, a defendant's voluntary cessation of allegedly
8  wrongful conduct is unlikely to moot a case. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

While Defendant Mantena may be correct that they have remedied the alleged ADA violations, their declaration is insufficient at this point to show mootness. The declaration states that all ADA violations have remedied, but it provides no exhibits or other evidence to support these statements. Rather, all that the Court has to support Defendant Mantena's statements of remediation are Defendant Mantena's own words, which contrast Plaintiff's pleadings that the violations "currently" exist. *Compare* Mudundi Decl. (declaring that Defendant Mantena immediately took steps to resolve the ADA violations), *with* Compl. ¶¶ 13, 15, 17 (alleging that ADA violations "currently" exist at the Dental Clinic); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, the plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).").

The Court cannot make the credibility determination Defendant Mantena seeks; doing so, would improperly allow a defendant to defeat jurisdiction by declaration. The defendant could always defeat jurisdiction by simply declaring that the alleged violations, which form the basis of the case, are remedied. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."). Such a practice is improper. Indeed, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
4

intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of the action." *Safe Air for Everyone*, 373 F.3d at 1039 (alteration in original) (quotation marks and citation omitted).

Here, the question of whether this Court has jurisdiction and whether Plaintiff's claim is meritorious are intertwined because the ADA underlies each question. If the Court determines it lacks jurisdiction because Defendant Mantena has remedied the problem, it by default declares that Plaintiff's action is *no longer* meritorious. The Court cannot make that determination at this point. *See Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 734 (9th Cir. 1979) ("[I]t seems settled that, when a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only where the allegations of the complaint are frivolous." (citation omitted)). Accordingly, Defendant Mantena's motion to dismiss on mootness grounds is **DENIED.**[3]

**C. Standing**

A disabled person claiming access discrimination must establish Article III standing to maintain a suit under the ADA. *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). The only remedy available to a private litigant under the ADA is an injunction—so, the plaintiff must prove he suffered an injury-in-fact and that there is a threat of <u>future</u> harm. *Id.* Indeed, demonstrating "past exposure to illegal conduct" alone is insufficient to demonstrate a present case or controversy. Instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's actions." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) ("*CRREC*"). There are two ways to demonstrate standing under

---

[3] The Court notes that Plaintiff's Complaint alleges that once "it is represented to [Plaintiff] that the Dental Clinic and its facilities are accessible," he "will return to the Dental Clinic to avail himself of its services." Compl. ¶ 23. Defendant Mantena has made representations that the Clinic is now ADA compliant. Yet, Plaintiff contends he has still not inspected the site to assess compliance. Opp. at 4–5. The Court has provided Plaintiff leave to amend its complaint. *See infra*. Within this time, Plaintiff is ordered to perform the joint site inspection and assess whether Defendants have remedied (1) the accessible parking violation, (2) the accessible door hardware violation, (3) the accessible path of travel violation, and (4) any other non-alleged ADA violations.

the ADA. A plaintiff must show that he has either suffered an "injury-in-fact coupled with an intent to return," or alternatively is deterred from returning to the premises. *Chapman*, 631 F.3d at 944. While courts take a broad view of constitutional standing in disability access cases, the ADA's reach is "not unlimited." *Id.* at 946.

Defendant Mantena brings a facial challenge to the Complaint and argues that Plaintiff has not established standing because Plaintiff has not pled sufficient facts to show that either he has a definitive plan to return to the Dental Clinic or is deterred from visiting the Dental Clinic. Reply at 5–6.[4] The Court addresses these arguments in turn.

### 1. Intent to Return

"Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.'" *Chapman,* 631 F.3d at 948 (quoting *City of L.A. v. Lyons,* 461 U.S. 95, 111 (1983)). To determine whether a plaintiff's likelihood of returning to a place of public accommodation is sufficient to confer standing, courts examine factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890, at *3 (E.D. Cal. 2012) (collecting cases); *see also Johnson v. DTBA, LLC*, 2019 WL 6311408, at *3–*5 (N.D. Cal. Nov. 25, 2019) (applying factors).

---

[4] This was not an argument Defendant Mantena raised in its Motion to Dismiss. Rather, Plaintiff argued in opposition that it had pled sufficient facts to supporting standing. Opp. at 7–12. In response, Defendant Mantena argued that Plaintiff had not pled sufficient facts to support standing. Reply at 5. Hence, this argument was not "raised for the first time in a reply brief." *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting that arguments raised for the first time in a reply brief are waived). Moreover, federal courts are courts of limited jurisdiction and are thus obliged to consider attacks to jurisdiction just as they are obliged to inquire "sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy City Sch. Dist. Bd. of Educ. V. Doyle*, 429 U.S. 274, 278 (1977). The Court may thus consider this argument.

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
6

### a. Proximity of Place of Public Accommodation

This factor considers the proximity of the subject business to the plaintiff's residence/place of business. In *Blue Ravine*, the court concluded that while a distance of "approximately fifteen miles" between the business and plaintiff's home was relatively close, it only weighed slightly in Plaintiff's favor. 2012 WL 2993890, at *8. Plaintiff resides in Carmichael, California. The Dental Clinic is in San Jose, which is more than 130 miles from Plaintiff's home. Fed. R. Evid. 201 (stating that court may take judicial notice on its own of things "generally known within the trial court's territorial jurisdiction"). "This is over a two-hour drive (in good traffic)." *DTBA*, 2019 WL 6311408, at *3. Given the distance and lengthy drive, this factor weighs in Defendant Mantena's favor.

### b. Past Patronage of Public Accommodation

Plaintiff alleges that he visited the Dental Clinic on four occasions. Compl. ¶ 10. This factor thus weighs slightly in Plaintiff's favor.

### c. Definitiveness of Plans to Return

Much like in *DTBA*, Plaintiff has no specific plans to return to the Dental Clinic. He only has a general plan to return to the Dental Clinic to avail himself of "its services and to determine compliance with the disability access laws." Compl. ¶ 23; *accord DTBA*, 2019 WL 6311408, at *3. This "some-day intention" to return is insufficient—the Complaint lacks ""any description of concrete plans, or indeed even any specification of when [he will avail himself to the Clinic]." *Blue Ravine*, 2012 WL 2993890, at *3; *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992) (holding that past visits to project areas did not prove imminent injury); *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

In response, Plaintiff argues that under Ninth Circuit precedent, all that a plaintiff must show is "deterrence." Opp. at 10–12. This Court has already rejected that argument. *See DTBA*, 019 WL 6311408, at *3. The Court declines to recite that same analysis here and instead directs Plaintiff to *DTBA*. Plaintiff's geographic distance and lack of concrete plans to return to the Clinic

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
7

or even the Bay Area, prevent the Court from inferring that he intends to return to the Clinic. *Cf. Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (holding it was "reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that Camarillo intends to return to these restaurants in the future"). This factor thus favors Defendant Mantena.

### d. Frequency of Travel Near Public Accommodation

Plaintiff presents no evidence that he has specific ties to the Bay Area or the Clinic. This factor thus favors Defendant Mantena.

Accordingly, while Plaintiff has pled that he suffered an injury-in-fact by encountering the ADA violations, he has not demonstrated that he will imminently suffer that same injury as he has not demonstrated that he intends to return to the Clinic.

### 2. Deterrence

"A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. Still, under this test, an ADA plaintiff must show an intent to return. *See id.* ("[W]e have Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of noncompliant accommodation and to prevent imminent 'discrimination,' . . . against a disabled individual *who plans to visit a noncompliant accommodation in the future.*" (emphasis added)).

Plaintiff argues that he has sufficiently alleged that he is deterred from visiting the Dental Clinic. As support, Plaintiff relies on *CREEC* for the proposition that it is enough to plead only an intent to return after remediation. Opp. at 12. This is true—an ADA plaintiff need not intend to return to the allegedly ADA-noncompliant place until after remediation. *See CREEC*, 867 F.3d at 1100–01. There must, however, be *some* plausible intent to return. For instance, in *Parr v. L&L Drive-Inn Restaurant*, the court held that the disabled plaintiff established a likelihood of future injury because the plaintiff pled (1) he patronized other restaurants in the defendant's restaurant chain, which served similar food to the restaurant he would have frequented but-for ADA

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
8

violations, and (2) the restaurant he wanted to patronize was close to his residence and was on a familiar bus line. 96 F. Supp. 2d 1065, 1079–80 (D. Haw. 2000); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (holding that the plaintiff adequately alleged deterrence because the plaintiff alleged that the 7-Eleven store, the alleged ADA-noncompliant place, was in an area he frequented at least once a year, was near his favorite fast-food restaurant, and he had been there "on ten to twenty prior occasions"). Likewise, in *Pickern v. Holiday Quality Foods Inc.*, the Ninth Circuit found standing based on deterrence where a disabled plaintiff sued a store located 70 miles from his residence. 293 F.3d 1133, 1135 (9th Cir. 2002). There, the plaintiff alleged that he had visited the store (the alleged ADA noncompliant place) on several occasions in the past and would prefer to patronize the store if it were accessible. *Id.* at 1138–39. The plaintiff also alleged he was likely to return since the grocery store was part of his favorite grocery chain and the store was located in the town where the plaintiff visited his grandmother every week. *Id.* at 1135.

The facts of this case do not present a similar deterrent effect. Plaintiff's formulaic recitation of an intent to return is insufficient as a matter of law. *Lujan*, 504 U.S. at 564; *see also Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' (alteration in original) (citation omitted). Plaintiff alleges only that he is deterred from visiting the clinic. *See* Compl. ¶23. He fails to allege why he prefers this Dental Clinic to the ample other dental clinics throughout the Sacramento-area. Additionally, Plaintiff fails to allege that he intends to frequent the Bay Area in the future. Likewise, Plaintiff provides no indication that he has any sort of concrete plan to visit the Dental Clinic in the future. His allegations of deterrence are thus strictly theoretical; he has not demonstrated a sufficient likelihood that he will be wronged in a similar way. *See Strojni v Wickstrom Hosp., LLC*, 2020 WL 1467067, at *6 (E.D. Cal. Mar. 26, 2020).

Finally, and as noted, Plaintiff's reliance on *CREEC* is misplaced. *CREEC* did not involve the issue in this case, *i.e.* what must a plaintiff allege to support standing. *See* 867 F.3d at 1096 ("We must decide (1) whether a plaintiff may rely on the 'deterrent effect doctrine' to establish

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
9

constitutional standing under the ADA where she lacks firsthand knowledge that an establishment is not in ADA compliance; and (2) whether a plaintiff has constitutional standing where her only motivation for visiting a facility is to test it for ADA compliance."); *see also Strojnik v. Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, at *7 (E.D. Cal. Jan. 31, 2020) ("Plaintiff's implicit suggestion that *CREEC* somehow undid decades of Ninth Circuit and Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the four corners of the case."). Accordingly, Plaintiff has failed to allege imminent future injury and therefore lacks standing under the ADA.

## IV. CONCLUSION

For the above reasons, the Court **DENIES** Defendant Mantena's motion to dismiss for mootness but **GRANTS** Defendant Mantena's motion to dismiss for lack of standing under Rule 12(b)(1). The Court declines to exercise supplemental jurisdiction over Plaintiff's related Unruh Act claim, which is **DISMISSED** without prejudice. *See Johnson v. Torres Enters. LP*, 2019 WL 285198, at *4 (N.D. Cal. Jan. 22, 2019) (declining to exercise supplemental jurisdiction over a claim for violation of the Unruh Act premised solely on a violation of the ADA).

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court finds amendment would not be futile. Accordingly, Plaintiff's claims are dismissed with leave to amend. He may file an amended complaint by **May 28, 2020.** Plaintiff is instructed to complete the joint site inspection within this time. *See supra* n.3. Plaintiff may not add new claims or parties without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: March 31, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-06468-EJD
ORDER GRANTING DEFENDANT MANTENA'S MOTION TO DISMISS
10