ARTHUR W. CURLEY, BAR NO. 60902
MARK R. GIBSON, BAR NO. 212222
BRADLEY, CURLEY, BARRABEE
& KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 350
Larkspur, California 94939
Telephone: (415) 464-8888
Facsimile: (415) 464-8887

Attorneys for Defendant
ALIREZA PARHIZKARI, D.D.S.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MANTENA LLC, a California Limited Liability Company; ALIREZA PARHIZKARI; and DOES 1-10,<br><br>　　　　Defendants. | No. 5:19-cv-06468-EJD<br><br>ASSIGNED FOR ALL PURPOSES TO DISTRICT JUDGE EDWARD J. DAVILA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)**<br><br>Judge:　Hon. Edward J. Davila<br>Date:　July 30, 2020<br>Time:　9:00 a.m.<br>Crtrm.:　4 |

## I. INTRODUCTION

Plaintiff Scott Johnson ("plaintiff") seeks injunctive relief under the ADA against Dr. Parhizkari, a dentist in San Jose–which is over 130 miles, and more than two hours, from plaintiff's home and place of business in Carmichael. But plaintiff–who was never a patient of Dr. Parhizkari–lacks standing because there is no real and immediate threat of future injury. First, plaintiff's lawsuit has destroyed any potential for a doctor-patient relationship to exist. Second, an analysis of the requisite intent-to-return factors, and deterrent effect doctrine, reveals the absence of any plausible threat of future injury. Accordingly, this court should dismiss the ADA claim, and decline to exercise supplemental jurisdiction over the related Unruh Act claim.

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 1 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his original complaint on 10/9/19. (Dkt. 1.)  On 11/6/19, defendant MANTENA LLC (the owner of the subject dental office) filed a motion to dismiss the complaint based on lack of subject matter jurisdiction. (Dkt. 10.)  This court granted the motion on 3/31/20, finding that plaintiff lacked standing to sue under Article III having regard to the intent-to-return factors, and deterrent effect doctrine. (Dkt. 25.)  In particular, this court found that the lack of proximity to the dental office, absence of definitive plans to return, absence of specific ties to San Jose, and plaintiff's formulaic recitations of alleged deterrence, without factual enhancement, all demonstrated the absence of an imminent threat of future injury.  Plaintiff was granted leave to amend, and filed a First Amended Complaint on 5/28/20. (Dkt. 27.)

Plaintiff alleges that he is a level C-5 quadriplegic who uses a wheelchair for mobility. (Dkt. 27, ¶1.)  He further alleges that Dr. Parhizkari now owns, and at all relevant times owned "Jackson Family Dental Practice", located at 2324 Montpelier Dr., San Jose, CA, (Dkt. 27, ¶¶4-5), which plaintiff attempted to visit a total of four times in January, March, and April of 2019 "with the intention to avail himself of its services, motivated in part to determine if the defendants comply with the disability access laws." (Dkt. 27, ¶9)  It is further claimed that on each of these alleged visits a lack of fully compliant accessible parking, door hardware, and paths of travel denied plaintiff full and equal access. (Dkt. 27, ¶¶11-18.)  Plaintiff also alleges that he will make an appointment at the Dental Clinic and return there at some unspecified time when the Covid-19 restrictions are lifted and when the Dental Clinic is accessible, but that the alleged barriers to access are deterring him from doing so. (Dkt. 27, ¶24.)  He seeks injunctive relief compelling Dr. Parhizkari to comply with the ADA. (Dkt. 27, p.7, Prayer, ¶1.)

Of note, plaintiff lives at 5124 Kovanda Avenue, Carmichael, CA[1]. (Request for Judicial Notice ("RJN") ¶1.)  His business address as listed on The State Bar of California website is 5150 Fair Oaks Blvd, Ste 101, Carmichael, CA. (RJN ¶2.)  Respectively, those addresses are 134 miles,

---

[1] In granting defendant Mantena's motion to dismiss herein (Dkt. 25), this court found that plaintiff resides in Carmichael; and has previously made the same finding in other cases. (Eg., *Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657.)

BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.
1100 Larkspur Landing Circle, Suite 350
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

and 133 miles, from 2324 Montpelier Dr., San Jose, CA. (RJN ¶¶ 3-4.)  Driving from either address would take more than two hours.

### III.  LEGAL ARGUMENT

(i) <u>Authority for motion to dismiss based on lack of standing.</u>

Lack of subject matter jurisdiction is a defense which may be asserted by motion prior to pleading. (FRCP Rule 12(b)(1).)  Because Article III's `standing' requirement limits subject matter jurisdiction, it is properly challenged by a Rule 12(b)(1) motion to dismiss." (Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (The Rutter Group 2020) ¶9:76.2, p.9-23, citing *Chandler v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2010) 598 F3d 1115, 1122.)

Subject matter jurisdiction may be challenged in two different ways.  A facial attack is made on the basis of the allegations in the complaint, documents attached to the complaint, judicially noticed facts, and undisputed evidence in the record; and the allegations of the complaint may be accepted as true. (*Warren v. Fox Family Worldwide, Inc.* (9th Cir. 2003) 328 F3d 1136, 1139.)  In contrast, a factual attack is based on extrinsic evidence; and there is no presumption of truth. (*Commodity Trend Service, Inc. V. Commodity Futures Trading Commission* (7th Cir. 1998) 149 F3d 679, 685.)  Instead, the court determines the facts for itself. (*Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F3d 1035, 1039.)

Here, Dr. Parhizkari presents both a facial and a factual attack–the latter premised upon Dr. Parhizkari's accompanying declaration.

(ii) <u>Article III standing under the ADA.</u>

"The ADA's reach is not unlimited...." and, "....to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." (*Chapman v. Pier 1 Imps*. (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011).  "[T]o establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA....", the plaintiff "must demonstrate that he has suffered an injury-in-fact...." and "....he must demonstrate a `real and immediate threat of repeated injury' in the future. (*Id*.)  "Where plaintiff seeks prospective injunctive relief, any threatened future injury must be real and immediate, not

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

conjectural or hypothetical, in order to confer Article III standing. (*Lujan v. Defenders of Wildlife* (1992) 504 US 555, 560.)

Dr. Parhizkari's motion does not seek to challenge that plaintiff has adequately alleged an injury-in-fact. Rather, it addresses the absence of a real and immediate threat of future injury. Specifically, because plaintiff has sued Dr. Parhizkari, the potential for a doctor-patient relationship to exist in the future has been irreparably destroyed and so there is no possibility that plaintiff will be able to return to the subject dental office. (Declaration of Alireza Parhizkari, DDS, ¶7.) Moreover, plaintiff has failed to adequately allege the requisite plausible intent-to-return, or deterrent effect. (*Chapman* 631 F.3d 939, at p.944.)

(iii) <u>Factual Attack</u>

Dr. Parhizkari's factual attack on the complaint is based upon his accompanying declaration. While plaintiff alleges that he will at some unspecified time in the future make an appointment to see Dr. Parhizkari (Dkt. 27, ¶24), the incontrovertible evidence is that plaintiff will not be able to make an appointment, and will never become a patient of Dr. Parhizkari. That is because the fact plaintiff sued Dr. Parhizkari destroyed the potential for a doctor-patient to exist. (Declaration of Alireza Parhizkari, DDS, ¶7.)

Plaintiff was never Dr. Parhizkari's patient, and never had an appointment to see the doctor. (Declaration of Alireza Parhizkari, DDS, ¶¶4-5.) Thus, plaintiff's claim for injunctive relief is necessarily premised on an assumption that Dr. Parhizkari would have to treat him if plaintiff made an appointment. But that is not a valid assumption. It is axiomatic that a doctor or dentist has no duty to provide medical services to or accept as a patient anyone who seeks to engage him, because such relationships are contractual and wholly voluntary. (*Agnew v. Parks* (1959) 172 Cal. App. 2d 756, 764. See also *Watson v. Sharp Air Freight Services, Inc.* (E.D.N.Y. 1992) 788 F.Supp. 722, 724: "Generally, `[p]hysicians ... are not bound to serve all who seek their services.'".)

Here, Dr. Parhizkari does not believe that he would be able to provide plaintiff with optimal care because plaintiff's lawsuit has compromised any potential doctor-patient relationship that may have hypothetically existed in the future. Thus he is unable to accept plaintiff as a patient

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 4 -

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

and, as a result, there is no threat of future injury as alleged. The same conclusion is reached with an analysis of the requisite intent-to-return factors, as discussed below.

(iv) <u>Facial Attack</u>

    (a) <u>Intent-To-Return</u>

The factors that courts analyze to determine the likelihood that a plaintiff intends to return to an allegedly noncompliant facility include: (1) the proximity of defendant's business; (2) past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return; and (4) the plaintiff's frequency of travel near defendant. (*Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890, at \*3 (E.D. Cal. 2012); *Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, 663.) Examination of these factors demonstrates no likelihood of a genuine intent-to-return.

    (1) <u>The proximity of defendant's business.</u>

The proximity of defendant's business to plaintiff's residence or place of business is an indication of the sincerity of plaintiff's intent-to-return. Thus, in *Johnson v. Overlook at Blue Ravine, LLC*, 2012 WL 2993890, plaintiff alleged discrimination by an apartment complex located 15 miles away. The Court found such "relatively close proximity" to tilt "in favor of the Plaintiff", but only "slightly" so. (*Id*. at \*3.) In the instant case, there is no such close proximity. In fact, the subject dental office is more than 130 miles/over a two-hour drive, from plaintiff's residence or place of business. (RJN ¶¶1-4.) This is a strong indication of the absence of sincerity in plaintiff's claimed intent-to-return. Indeed, this court, in ruling on a motion to dismiss in *Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, found that a similar distance of 130 miles from plaintiff's home in Carmichael to a Bar in San Jose, which would take over two-hours to drive, weighed in defendant's favor. (424 F.Supp.3d 657, 664.)

    (2) <u>Plaintiff's past patronage of defendant's business.</u>

In the instant case, plaintiff alleges four visits to the dental office in January, March, and April of 2019, "with the intention to avail himself of its or services, motivated in part to determine if the defendants comply with the disability access laws." (Dkt. 27, ¶9.) Plaintiff does not claim patronage prior to the visits giving rise to this lawsuit–although this is not surprising, given the lack of proximity. There is no dispute that plaintiff never had an appointment to see Dr. Parhizkari

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

and has never been treated by him. The courts in *Blue Ravine*, and *DTBA*, found that where, as here, there is an absence of prior patronage, then this factor "strongly favors" defendant. (*Johnson v. Overlook at Blue Ravine, LLC* (E.D. Cal., July 20, 2012) 2012 WL 2993890, at *3; *Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, 664.)

(3) <u>The definitiveness of plaintiff's plans to return</u>.

Here, plaintiff has no definite plans to return to Dr. Parhizkari's dental office. Instead, plaintiff alleges only that he will make an appointment and return there at some unspecified time when the Covid-19 restrictions are lifted and when the dental office is accessible. (Dkt. 27, ¶24.)

In the *Blue Ravine* case, plaintiff similarly testified that he had no specific plans to revisit the facility until the property alterations were complete. The court found such "some day" intentions "....without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury." (*Johnson v. Overlook at Blue Ravine, LLC* (E.D. Cal., July 20, 2012) 2012 WL 2993890, at *3.)

In *DTBA*, this court examined an allegation identical to that herein (that plaintiff had a general plan to return to the defendant's Bar in San Jose to "avail himself of its goods or services and to determine compliance with the disability access laws." (*Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, 664.) It found that plaintiff's "geographic distance from" defendant's business in San Jose, his "infrequent visits" to the business (two visits), and his "lack of concrete plans to return" to the business or even the Bay Area, prevent this Court from inferring that he intends to return." (*Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, 665.)

Likewise here, plaintiff's geographic distance from the dental office (over 130 miles), his infrequent alleged visits (with no appointment to be seen), and his mere "some-day" intention, all weigh heavily in favor of finding an absence of any "definite" plan to return.

To the extent that it may further tip the scales in favor of such a finding, defendant also brings to the court's attention plaintiff's prolific history of filing ADA lawsuits. While defendant acknowledges that this court must exercise caution before inferring something from a plaintiff's past ADA litigation, it seems reasonable to infer a lack of credibility from the astonishing volume and frequency of those filings (1,094 in the Northern District; and 2,715 in the Eastern District)

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 6 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

and that it is unlikely plaintiff has any actual, concrete plans to return. (RJN, ¶¶ 5-6.) Indeed, that inference was made from plaintiff's ADA filings in the *DTBA* case. (424 F.Supp.3d 657, at p. 665.)

(4) <u>The plaintiff's frequency of travel near defendant</u>.

Plaintiff's only alleged tie or reason to travel to San Jose area in the future is that he will have some unspecified federal court mediation, conference, or other court appearance. In other words, the *only reason* that plaintiff will be returning to the area in which the businesses he has sued are located, is because he has sued those businesses! This ridiculous circular argument cannot be accepted as adequate to establish standing under Article III. Were it to be accepted then any ADA plaintiff seeking injunctive relief against a public accommodation located near to, or even along the way to the courthouse, could merely allege the need to attend court in connection with their lawsuit in order to establish standing *in that same lawsuit*. That would be a patently unacceptable subversion of Article III.

The reality is that plaintiff has no ties to San Jose other than many of his lawsuits are venued there. He has no specific tie to Dr. Parhizkari, or the doctor's office. In the *Blue Ravine* and *DTBA* cases, such absence of specific ties to the defendant's businesses, or to the Cities in which those businesses were located, was found to be a factor which weighed "strongly" in favor of defendant. (*Johnson v. Overlook at Blue Ravine, LLC* (E.D. Cal., July 20, 2012) 2012 WL 2993890, at *4; *Johnson v. DTBA, LLC* (N.D. Cal. 2019) 424 F.Supp.3d 657, 665.)

(b) <u>Deterrence</u>

The "deterrent effect doctrine" may confer standing to sue where a disabled individual is currently deterred from patronizing a public accommodation due to defendant's failure to comply with the ADA. (*Chapman v. Pier 1 Imports (U.S.) Inc.* (9th Cir. 2011) 631 F.3d 939, 949.)

However, in this case, plaintiff's allegation that he is currently deterred from returning (Dkt. 27, ¶24) is conclusory, unsupported by any factual enhancement, and therefore insufficient as a matter of law. As the Supreme Court has stated: "A pleading that offers `labels and conclusions' or `a formulaic recitation of the elements of a cause of action will not do.' [Citation.] Nor does a complaint suffice if it tenders `naked assertion[s]' devoid of `further factual enhancement.' [Citation.] (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.)

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 7 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

The *Iqbal* court referenced two working principles in this context. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...." "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss....[D]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [B]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. (*Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678–679.)

Thus, while plaintiff has included the correct label ("currently deterred"), he fails to include any, let alone any adequate, factual underpinning which would otherwise make such a conclusory label plausible, and thereby confer standing to sue. Plaintiff offers precisely zero factual enhancement of what is a remarkably formulaic allegation that he intended to "avail himself of" "services" and is "currently deterred" from availing himself of services in the future. Nor is there any adequate explanation as to why plaintiff would travel more than 2 hours and over 130 miles to visit a dentist he has never been seen by in order to seek out such "services" were he not "currently deterred" from doing so.

A similar assertion was analyzed in *Strojnik v. Bakersfield Convention Hotel I, LLC* (E.D. Cal., Jan. 31, 2020) 2020 WL 509156. There, the court found that "....merely alleging that [plaintiff] `is deterred from visiting the Hotel based on [his] knowledge that the Hotel is' not in compliance with the ADA, and that he `intends to visit [the Hotel] at a specific time' when the Hotel is in compliance...." was not sufficient and, in fact, such "....allegations are `naked assertion[s] devoid of further factual enhancement.'" (*Strojnik v. Bakersfield Convention Hotel I, LLC* (E.D. Cal., Jan. 31, 2020, No. 119CV01098LJOJLT) 2020 WL 509156, at *6.)

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA 94939
TEL (415) 464-8888
FAX (415) 464-8887

- 8 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS

The allegations herein are *strikingly* similar.  Plaintiff does nothing more than plead a conclusory allegation that he is "currently deterred" and will return once the defendant's business is in compliance.  This type of naked assertion, devoid of factual enhancement as it is, does not and cannot confer standing to sue based on the "deterrent effect doctrine".

(v) <u>Supplemental Jurisdiction</u>

"[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *(United Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 726.)  "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (*Id*.)  This is especially so where, as here, the litigation is at an early stage. (*Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 351.)

Accordingly, in the event that this court dismisses the ADA claim, it should also exercise its discretion to decline jurisdiction over the Unruh Act claim.

(vi) <u>Leave to Amend</u>

"Where the Rule 12(b)(1) motion is based on extrinsic evidence, the determination is on the merits, and there is no basis for granting leave to amend the pleadings." (Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2020) ¶9:109.7, p.9-44.)

## IV.  CONCLUSION

Plaintiff lacks Article III standing because there is no real and immediate threat of repeated injury.  The claims to the contrary are unsupported by adequate facts, and there is no plausible likelihood that plaintiff intends to travel over 130 miles to see a dentist he has no prior relationship with.  For these reasons, plaintiff's ADA claim must be dismissed.

Dated: June 9, 2020             BRADLEY, CURLEY, BARRABEE & KOWALSKI, P.C.


                                /s/ *Mark R. Gibson*
                            By: _____
                                MARK R. GIBSON
                                Attorneys for Defendant
                                ALIREZA PARHIZKARI, D.D.S.

H:\Docs\TDIC\10857 Johnson v Mantena\P\MOTION TO DISMISS\Mtn.Dismiss.MPA.wpd

BRADLEY, CURLEY,
BARRABEE &
KOWALSKI, P.C.
1100 Larkspur Landing
Circle, Suite 350
Larkspur, CA  94939
TEL (415) 464-8888
FAX (415) 464-8887

- 9 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DR. PARHIZKARI'S MOTION TO DISMISS