1  **LAWRENCE P. RAMIREZ (State Bar No. 141550)**
   **LINDA KENY (State Bar No. 187013)**
2  **THE LITIGATION LAW GROUP**
   111 NORTH MARKET STREET, SUITE 300
3  SAN JOSE, CA 95113
   PHONE (408) 971-1119   FAX (408) 971-1129
4  lpramirez@thellg.com
   lindakeny@thellg.com

5  Attorneys for Defendant Mantena LLC

6                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
7                           SAN JOSE DIVISION

8

| | |
|---|---|
| SCOTT JOHNSON, an individual, | Case No.: 5:19-CV-06468-NC |
| Plaintiff, | **DEFENDANT MANTENA LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(1)** |
| vs. | |
| MANTENA LLC, a California limited liability company, ALIREZA PARHIZKARI, and Does 1-10 | |
| Defendants | [Filed concurrently with Request for Judicial Notice and Supporting Exhibits] |
| | Hearing Date: July 30, 2020
Time: 9:00 a.m.
Courtroom: 5, 4th Floor
Judge Davila
Trial Date: Not Set |
| | Complaint Filed: October 9, 2019 |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

   NOTICE IS HEREBY GIVEN that on July 30, 2020 at 9:00 a.m., or as soon thereafter as the motion may be heard by the Honorable Edward J. Davila in Courtroom 4 of the U.S. District Court for the Northern District of California, San Jose Division, Defendant MANTENA LLC, (hereinafter "Defendant" or "Mantena") moves to dismiss Plaintiff Scott Johnson's ("Plaintiff") First Amended Complaint ("FAC") for lack of subject-matter jurisdiction, pursuant to

Federal Rule of Civil Procedure 12(b)(1).

      This motion is based upon the accompanying Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice and supporting exhibits, the pleadings on file herein, and oral argument regarding this motion, if any.

Dated: June 11, 2020                                      THE LITIGATION LAW GROUP

                                                                s/s Linda Keny
                                                                Lawrence Ramirez
                                                                Linda Keny
                                                                ATTORNEYS FOR DEFENDANT
                                                                MANTENA LLC

# MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT:

# FACTUAL AND PROCEDURAL HISTORY:

Plaintiff filed his original complaint on October 9, 2019 alleging that he is a level C-5 quadriplegic who visited the Jackson Family Dental Clinic ("Dental Clinic") in January, March and April of 2019 "with the intention to avail himself of its services and motivated in part to determine if the defendants comply with the disability access laws" (Dkt. 1,¶10), and further alleging that on those dates, Defendants failed to provide accessible parking, hardware or paths of travel. The Dental Clinic is operated by Defendant Alireza Parhizkari ("Parhizkari") and located on property owned by Defendant Mantena LLC ("Mantena").

On November 6, 2019, Defendant Mantena LLC (owner of the subject property) filed a motion to dismiss Plaintiff's Complaint based on Plaintiff's lack of standing and consequent lack of the court's subject matter jurisdiction (Dkt. 10). The Court agreed with Defendant Mantena and granted its motion to dismiss on March 31st, 2020 based on Plaintiff's lack of standing under Article III. The Court stated that Plaintiff had failed to establish either an injury-in-fact coupled with an intent to return, and/or that he was deterred from returning to the premises (Dkt. 25). Specifically, the Court found that Plaintiff's lack of proximity to the dental office, lack of specific ties to the Bay Area and lack of showing a plausible intent to return to the Dental Clinic all weighed in favor of dismissing Plaintiff's Complaint.

Plaintiff filed a First Amended Complaint on May 28th, 2020 (Dkt. 27) attempting to creatively plead around the issues raised by the Court in its Order. However, as explained below, Plaintiff's new allegations are purely formulaic in nature and do not present a logical or even credible basis for establishing standing under Article III. Indeed, the facts in this case make it

impossible for Plaintiff to cure the deficiencies identified by the Court and thus, any further amendments should be denied as they would be futile. Furthermore, in the event the ADA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state Unruh Act claim.

## LEGAL ARGUMENT:

### I. STANDING

To establish Article III standing, an ADA plaintiff must show that he or she has suffered an injury-in-fact, that the injury is traceable to Defendant's actions, and that the injury can be resolved by a favorable decision. Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc). Because an injunction is the only relief available to a private ADA plaintiff, "he must demonstrate a 'real and immediate threat of repeated injury' in the future." Id. A plaintiff can show a likelihood of future injury by either establishing that (1) he or she intends to return to the noncompliant accommodation or (2) that the complained of barriers deter him or her from returning to that accommodation. Chapman, 631 F.3d at 950.

Attacks on jurisdiction pursuant to Rule 12(b)(1) can be either facial, confining the inquiry to the allegations in the complaint, or factually permitting the court to look beyond the complaint. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). Defendant Mantena, in the instant motion, presents both a facial and factual attack on Plaintiff's allegations regarding his intent to return to Defendant's property and his allegation that he is deterred from returning to the property due to the alleged barriers.

**A. Plaintiff Has Not Established An Intent to Return to Defendant's Property:**

A four-part test has been applied by district courts to determine whether a plaintiff can meet the test of standing to bring an ADA claim: 1) proximity to the defendant's property; 2)

past patronage; 3) definitiveness of plaintiff's plan to return; and 4) frequency of nearby travel. Harris v. Stonecrest Care Auto Center, LLC, 472 F.Supp.2d 1208, 1213 (S.D.Cal. 2007).

### 1. *Proximity to the Defendant's Property:*

The proximity of the subject business to the plaintiff's residence/place of business acts as an indicator of the sincerity of plaintiff's intent to return to the business. *See* Johnson v. Overlook At Blue Ravine, LLC, 2012 U.S. Dist. LEXIS 102056.  In Molski v. Mandarin Touch Restaurant, 385 F. Supp. 2d 1042 (D. Cal. 2005), the court stated (emphasis added):

> "As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases. **When the distance between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm.** E.g., Molski v. Levon Inv., No. C03-8437-SVW (C.D. Cal. filed August 24, 2005) (finding that "considerable distance" of 30 miles between Molski's residence and gas station weighed against Molski establishing a likelihood of future harm); DeLil v. El Torito Rest., 1997 U.S. Dist. LEXIS 22788, No. C93-3900, 1997 WL 714866, at 3 (N.D. Cal. 1997)(holding that a plaintiff failed to establish likelihood of future harm in part because she lived over 100 miles from restaurant).

In Johnson v. DTBA, LLC, 424 F. Supp. 3d 657, 2019 U.S. Dist. LEXIS 204524, 2019 WL 6311408, **involving this very same plaintiff,** the Court concluded that the alleged noncompliant bar was more than 130 miles from Plaintiff's home and held that "[T]his is over a two-hour drive (in good traffic). *Id.* Given the distance and lengthy drive, this factor weighs in Defendant's favor. Id.

Plaintiff is an attorney who resides at 5124 Covanda Avenue, Carmichael CA 95608 and works at 5150 Fair Oaks Blvd, Ste 101, Carmichael, CA 95608 Carmichael, California (please see concurrently filed Request for Judicial Notice ("RJN") Nos. 1 and 2 respectively).  As noted in Court's own order relating to the Motion to Dismiss Plaintiff's original complaint (Dkt.#25),

and as confirmed by Google Maps (see RJN No. 3), both Plaintiff's office and his residence are located over 125 miles from the Dental Office and over a 2 hour drive in normal traffic.

It has been held that a distance of more than 100 miles renders it unlikely that a plaintiff will return to the property and thereby suffer future harm. Jones v. Sears, Robuck & Co., No. 05-0535, 2006 WL 2437905, at *3 (E.D.Cal. , Nov. 29, 2006); Delil v. El Torito Restaurants, Inc., No. 94-3900, 1997 WL 714866, at *4 (N.D. Cal. June 24, 1997).  This is precisely the case here.

### 2. Past Patronage:

Plaintiff has alleged in his FAC that he made 4 visits to the Dental Clinic in January, March and April of 2019 with the desire to avail himself of its services as well as to determine whether it was in compliance with disability laws (Dkt. #27, ¶9). However, there is no confirmation of these visits, either via a verified complaint, or through an allegation that appointments were made by him with the Dental Clinic. Indeed, Defendant Parhizkari (head of the Dental Clinic) has confirmed, in a declaration signed under penalty of perjury, that the Dental Clinic does not accept walk in appointments, Plaintiff has never been a patient of the Dental Clinic, nor had made any appointments in January, March or April of 2019 (see Dkt. 31-3).  On a factual and facial basis, Plaintiff never attempted to avail himself of the Dental Clinic's services and thus, this factor falls in Defendant's favor.

### 3. Definitiveness of Plans to Return:

In Johnson v. Overlook At Blue Ravine, LLC, 2012 U.S. Dist. LEXIS 102056, 2012 WL 2993890, the Court held that a "some-day intention" to return to the accommodation is not sufficient where the Complaint lacks "any description of concrete plans, or indeed even any specification of when [he will avail himself to the Bar]." Blue Ravine, 2012 U.S. Dist. LEXIS 102056, 2012 WL 2993890, at *3. Similarly, in Johnson v. DTBA, LLC, 424 F. Supp. 3d 657,

2019 U.S. Dist. LEXIS 204524, 2019 WL 6311408, the Court held that Plaintiff had no specific plans to return to the Bar and only had a general plan to return to the Bar to "avail himself of its goods or services and to determine compliance with the disability access laws.". *See also* Lujan v. Defs. Of Wildlife, 504 U.S. 555, 564, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)) (holding that past visits to project areas did not prove imminent injury).

Plaintiff has not made any concrete plans to return to the Dental Clinic nor has he made any future appointments with the Dental Clinic (see Parhizkari Declaration, Dkt. #27). Indeed, as in Johnson v. DTBA, LLC, supra, he simply alleges that he "intends to make an appointment at the Dental Clinic immediately following an inspection of the Dental Clinic's premises for accessibility by way of General Order 56" and "also intends to return to the Dental Clinic to determine compliance with the disability access laws" (Dkt. 27, ¶s 24 and 25).

### 4. *Frequency of Nearby Travel:*

Additionally, Plaintiff alleges that his visits to the Bay Area are for unspecified court cases, mediations and filings, which presumably are related to the voluminous amount of ADA lawsuits he has and continues to file against businesses – which is not and should not be considered a valid intent to return nor considered acceptable ties to the area.

Plaintiff's allegations that he will make trips to the Bay Area, and specifically to the Dental Clinic, in the future, are further greatly undermined by the fact that he was indicted on 3 counts of Making and Subscribing a False Tax Return under 26 USC § 7206(1) on May 23, 2019 in the US District Court for the Eastern District located in Sacramento, California (see RJN #4). That case is currently pending and scheduled for trial and will most likely require Plaintiff to spend a majority of his time in the Eastern District and away from the Bay Area. It is stretching the bounds

of incredulity to accept that Plaintiff will visit the Bay Area during this time to go to this particular Dental Clinic.

Moreover, courts have found a plaintiff's allegations of an intent to return implausible where plaintiff has filed an extraordinary number of ADA actions. In Harris v. Stonecrest Care Auto Center, LLC, 472 F.Supp.2d 1208, 1213 (S.D.Cal. 2007), the court stated that the plaintiff had sued so many different establishments that it was impossible to believe he routinely revisited the same establishments (see also Wilson v. Costco Wholesale Corp., 426 F.Supp.2d 1115, 1123 (S.D.Cal. 2006, expressing concerns that plaintiff's declaration of intent to return to each of the 80 establishments he had sued was implausible; Molski v. Mandarin Touch Restaurant, 385 F.Supp.2d 1042, 1046 (C.D.Cal. 2005) (Mandarin Touch II) (finding that the plaintiff's extensive litigation history undercut his credibility and belied an intent to return sufficient to establish standing).

Plaintiff is a serial ADA litigant[1] with a total of 1094 ADA cases filed in the Northern District and 2,715 ADA cases filed in the Eastern District (see Defendant Parhizkari's RJN filed as Dkt 31-2 in this action). The sheer number of lawsuits filed by Plaintiff in such a short time frame seriously calls into question the credibility of his allegations that he intends to return to each of these businesses and whether his actions are legitimately directing at obtaining compliance with the ADA.

**B. Deterrence:**

A plaintiff must sufficiently allege that he is deterred from patronizing a

---

[1] Defendant is considering filing a Motion to Declare a Vexatious Litigant and requesting sanctions due to the pattern of abusive ADA litigation by Plaintiff.

public accommodation due to a defendant's failure to comply with the ADA. Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002). But a plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical." Vogel v. Salazar, 2014 U.S. Dist. LEXIS 151379, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). In Vogel, the plaintiff merely stated that due to "physical and intangible barriers, he was "deterred" and "continue[d] to be deterred from visiting" the defendant's public accommodation. Id. at *2. The court stated that the plaintiff "failed to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical" because the plaintiff did not provide any evidence that he would return to the public accommodation if it were ADA compliant. Id.  Similarly, Plaintiff's conclusory allegations of deterrence (i.e. "[P]laintiff is currently deterred from doing so because of his knowledge of the existing barriers"; Dkt 27, ¶24) are not sufficient to establish an intent to return when he lives over 130 miles away from the dental office and there is no viable reason or evidence as to why he would pick that dental office over the ones close to his residence.

In Whitaker v. PQ Americana, Inc., 2020 U.S. Dist. LEXIS 71958, the court held:

> "The Court's conclusion is buttressed by the fact that Plaintiff has filed hundreds of disability discrimination lawsuits and, consistent with the Court's "judicial experience and common sense," could not possibly return to each of the places he has sued… Nor is he likely to, given that he can collect $4,000 (plus attorneys' fees) for each new non-compliant location he visits, but gets nothing if he returns to a location that has been made compliant. The Ninth Circuit has stated that courts "must be particularly cautious" when considering "plaintiff's past ADA litigation," D'Lil, supra, 538 F.3d at 1040, but has not held that such evidence is irrelevant… See, e.g., Norkunas v. Wynn Las Vegas, LLC, 343 F. App'x 269, 270 (9th Cir. 2009) (affirming district court's dismissal where "Plaintiffs may have overcome a factual attack on standing based upon their prior litigation history through an affidavit or declaration specifying a definite intent to return, [but] here Plaintiffs submitted no evidence beyond their complaint to the district court."); Vogel v. Sym Properties, LLC, No. CV 15-09855-AB (ASX), 2017 U.S. Dist. LEXIS 214360, 2017 WL 4586348, at *6 (C.D. Cal. Aug. 4, 2017) ("Plaintiff's litigation history, coupled with a contradictory factual record,

raises serious credibility questions and calls into question Plaintiff's stated purpose for visiting the Shopping Center.")

The same is true here. Plaintiff's conclusory allegation of deterrence, especially when viewed in light of his extensive filings, is insufficient to support standing.

## II. **SUPPLEMENTAL JURISDICTION:**

Deciding whether to decline or retain supplemental jurisdiction over state law claims is in the discretion of the district court. The party asserting federal jurisdiction bears the burden of showing that jurisdiction exists. California ex rel. Younger v. Andrus, 608 F.2d 1247, 1249 (9th Cir. 1979).

Precedent in this circuit strongly disfavors exercising supplemental jurisdiction. Heatherly v. Malika, 2013 U.S. Dist. LEXIS 152414, 2013 WL 5754106. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 *supplemented,* 121 F.3d 714 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

Judicial economy also counsels against the court's exercise of supplemental jurisdiction. When the case is at an early stage as it is here since the parties have just appeared, no case management conference or discovery has been conducted, courts have declined supplemental jurisdiction. *See, e.g.* Kerner v. Mendez, No. 08-C-4528-EDL, 2009 U.S. Dist. LEXIS 69141, 2009 WL 2424298 at *1 (N.D. Cal. Aug. 6, 2009)

Accordingly, in the event that this court dismisses the ADA claim, it should also exercise its discretion to decline jurisdiction over the state Unruh Act claim.

- 8 -
Mantena's Motion to Dismiss FAC – Case # 5:19-CV-06468-NC

### III. LEAVE TO AMEND:

A court may deny leave to amend where further amendment would be futile. *See, e.g.*, Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment").

The court has provided Plaintiff with the opportunity to amend his complaint once before; and Plaintiff has still provided only conclusory allegations in his FAC. Permitting further amendments would be futile as the facts, even creatively pleaded, do not support a valid ADA claim. Accordingly, the court should not permit Plaintiff any further leave to amend.

### VI. CONCLUSION:

For all of the reasons set forth above, Mantena respectfully requests the Court to dismiss Plaintiff's First Amended Complaint, decline to exercise supplemental jurisdiction over Plaintiff's state claim and decline leave to amend.

Dated: June 11, 2020

THE LITIGATION LAW GROUP

  s/s Linda Keny
Lawrence Ramirez
Linda Keny
ATTORNEYS FOR DEFENDANT
MANTENA LLC